**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

| 0 | Valuation of Security | 0 | Assumption of Executory Contract or Unexpired Lease | 0 | Lien Avoidance |

**Last revised: August 1, 2020**

# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW JERSEY

In Re:  
Christinia Van An

Case No.: ____17-34456____

Judge: ____MBK____

Debtor(s)

## Chapter 13 Plan and Motions

☐ Original         ☒ Modified/Notice Required         Date: __09/03/2020__

☐ Motions Included         ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE

**YOUR RIGHTS MAY BE AFFECTED**

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance. Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.**

THIS PLAN:

☐ DOES ☒ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☐ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☐ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

Initial Debtor(s)' Attorney: __/s/WHO__      Initial Debtor: ____/s/CA____      Initial Co-Debtor: _____

**Part 1:    Payment and Length of Plan**

a.  The debtor shall pay $ _____845.00_____ per _____month_____ to the Chapter 13 Trustee, starting on ____October 1 , 2020____ for approximately _____27_____ months.

b.  The debtor shall make plan payments to the Trustee from the following sources:

   ☒    Future earnings

   ☐    Other sources of funding (describe source, amount and date when funds are available):

c.  Use of real property to satisfy plan obligations:

   ☐ Sale of real property
   Description:
   Proposed date for completion: _____

   ☐ Refinance of real property:
   Description:
   Proposed date for completion: _____

   ☒ Loan modification with respect to mortgage encumbering property:
   Description: 300 Church Road, Brick, NJ 08723
   Proposed date for completion: _March 31, 2021_____

d.  ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e.  ☐ Other information that may be important relating to the payment and length of plan:

**Part 2:    Adequate Protection ☐ NONE**

     a.  Adequate protection payments will be made in the amount of $ _____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to _____ (creditor).

     b.  Adequate protection payments will be made in the amount of $ _Chase Mortgage -_ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: _____$1,400.00_____ (creditor).

**Part 3:    Priority Claims (Including Administrative Expenses)**

    a.    All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| CHAPTER 13 STANDING TRUSTEE | ADMINISTRATIVE | AS ALLOWED BY STATUTE |
| ATTORNEY FEE BALANCE | ADMINISTRATIVE | BALANCE DUE: $ |
| DOMESTIC SUPPORT OBLIGATION | | |

    b.    Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
        Check one:

       ☐ None

       ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|
| | Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount. | | |

**Part 4:    Secured Claims**

### a. Curing Default and Maintaining Payments on Principal Residence: ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Chase Mortgage - 1st Mortgage | 300 Church Road, Brick, NJ 08723 | Unknown | 0% | Arrears not to be paid pending loan modification | |

### b. Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears: ☒ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| | | | | | |

### c. Secured claims excluded from 11 U.S.C. 506: ☒ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|
| | | | | |

**d. Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments**  ☐ **NONE**

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this Section ALSO REQUIRES
the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to be Paid |
|---|---|---|---|---|---|---|---|
| Ameriprise | Residence | $77,844.60 | $260,130.00 | $293,886.90 | $0.00 | 0 | $0 |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e. Surrender**  ☒ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
|  |  |  |  |

**f. Secured Claims Unaffected by the Plan** ☒ **NONE**

The following secured claims are unaffected by the Plan:

**g. Secured Claims to be Paid in Full Through the Plan**: ☐ **NONE**

| Creditor | Collateral | Total Amount to be Paid Through the Plan |
|---|---|---|
| Ally Financial | 2013 Lexus GX460 | $28,627.17 |

**Part 5:    Unsecured Claims** ☐ **NONE**

a. **Not separately classified** allowed non-priority unsecured claims shall be paid:

☒ Not less than $ 0_____ to be distributed *pro rata*

☐ Not less than _____ percent

☐ *Pro Rata* distribution from any remaining funds

b. **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
|  |  |  |  |

**Part 6:    Executory Contracts and Unexpired Leases  ☒ NONE**

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected, except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|
|  |  |  |  |  |

**Part 7:    Motions  ☐ NONE**

**NOTE:  All plans containing motions must be served on all affected lienholders, together with local form, *Notice of Chapter 13 Plan Transmittal*, within the time and in the manner set forth in D.N.J. LBR 3015-1.  A *Certification of Service, Notice of Chapter 13 Plan Transmittal, and valuation* must be filed with the Clerk of Court when the plan and transmittal notice are served.**

a. **Motion to Avoid Liens Under 11. U.S.C. Section 522(f).    ☒ NONE**

The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |  |

**b. Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ☐ **NONE**

The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|
| Ameriprise | Residence | $77,844.60 | $260,130.00 | $293,886.90 | $0.00 | $77,944.60 |

**c. Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ☒ **NONE**

The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|
|  |  |  |  |  |  |

### Part 8:    Other Plan Provisions

**a. Vesting of Property of the Estate**

☒    Upon confirmation

☐    Upon discharge

**b. Payment Notices**

Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

**c. Order of Distribution**

The Standing Trustee shall pay allowed claims in the following order:

1) Ch. 13 Standing Trustee commissions
2) Other Administrative Claims - William H. Oliver
3) Secured Claim
4) Priority Claims; 5) General unsecured claims

**d. Post-Petition Claims**

The Standing Trustee ☐ is, ☒ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9:    Modification  ☐ NONE**

**NOTE: Modification of a plan does not require that a separate motion be filed. A modified plan must be served in accordance with D.N.J. LBR 3015-2.**

If this Plan modifies a Plan previously filed in this case, complete the information below.

Date of Plan being modified: 12/19/2017                            .

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| changing language: "arrears not to be paid pending loan modification" extending length of bankruptcy | part 1a: extending length of bankruptcy<br>part 4a: changing language to arrears not to be paid pending loan modification |

Are Schedules I and J being filed simultaneously with this Modified Plan?    ☐ Yes    ☒ No

**Part 10:    Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:

☒ NONE

☐ Explain here:

Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to Local Form, *Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: 09/03/2020 _____        /s/ Christina V. An _____
                                                Debtor

Date: _____           _____
                                                Joint Debtor

Date: 09/03/2020 _____        /s/William H. Oliver, Jr. _____
                                                Attorney for Debtor(s)

```
                         United States Bankruptcy Court
                              District of New Jersey

In re:                                                         Case No. 17-34456-MBK
Christina Van An                                               Chapter 13
        Debtor
                              CERTIFICATE OF NOTICE
District/off: 0312-3          User: admin              Page 1 of 2          Date Rcvd: Sep 04, 2020
                              Form ID: pdf901          Total Noticed: 31


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Sep 06, 2020.
db          +Christina Van An,    300 Church Road,    Brick, NJ 08723-6402
lm          +Chase,    Mail Code: OH4-7302,    P.O. box 2469,    Columbus, OH 43216-2469
cr          +SELENE FINANCE LP AS SERVICER FOR WILMINGTON SAVIN,    Phelan Hallinan&Schmieg, PC,
              1617 JFK Boulevard,    Suite 1400,    Philadelphia, PA 19103-1814
lm           Selene FInance LP, servicer for Christiana Trust,,    9990 Richmond Avenue, Suite 400,
              Houston, TX 77042-4546
cr          +WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRIST,    PHELAN HALLINAN DIAMOND & JONES, PC,
              1617 JFK Boulevard,    Suite 1400,    Philadelphia, PA 19103-1814
cr          +Wilmington Savings Fund Society, FSB,    Robertson Anschutz & Schneid, P.L.,
              6409 Congress Ave., Suite 100,    Boca Raton,, FL 33487,    UNITED STATES 33487-2853
cr          +Wilmington Savings Fund Society, FSB, d/b/a Christ,    RAS Crane LLC,
              10700 Abbotts Bridge Road, Suite 170,    Duluth, GA 30097-8461
517235733    Ameriprise Financial,    P.O. Box 44092,    Jacksonville, FL 32231-4092
517212477   +Barclays Bank Delaware,    100 S West St,    Wilmington, DE 19801-5015
517212479   +Chase Home Finance LLC,    c/o Phelan Hallinan and Schmieg, P.C.,
              400 Fellowship Road, Suite 100,    Mount Laurel, NJ 08054-3437
517212481   +Commonwealth Financial Systems,    245 Main St,    Dickson City, PA 18519-1641
517235734   +Jeffrey M. Savitt, DC,    1541 State Hwy. #88 West,    Brick, NJ 08724-2373
517880037   +Lakewood Anesthesia Associates, LLC,    PO Box 302,    Little Silver, NJ 07739-0302
517235735   +Lakewood Surgery Center L.L.C.,    1215 Route 70,    Suite 2000,    Lakewood, NJ 08701-6958
517235736   +North Dover Open MRI,    1275 Route 35 North,    Middletown, NJ 07748-2040
517235738   +Shore Orthopaedic Group,    35 Gilbert Street S.,    Tinton Falls, NJ 07701-4954
517212483   ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
             (address filed with court: Lexus Financial Services,    Asset Protection Dept.,    PO Box 2958,
              Torrance, CA 90509)
517242552   +Toyota Motor Credit Corporation,    PO Box 9013,    Addison, Texas 75001-9013
517661401   +Wilmington Savings Fund Society,    RAS Crane LLC,    10700 Abbotts Bridge Road, Suite 170,
              Duluth, GA 30097-8461
517260326   +Wilmington Savings Fund Society,    C/O Robertson, Anschutz & Schneid P.L.,    6409 Congress Ave,
              Suite 100,    Boca Raton FL 33487-2853

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg          E-mail/Text: usanj.njbankr@usdoj.gov Sep 04 2020 23:52:55     U.S. Attorney,    970 Broad St.,
              Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg         +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Sep 04 2020 23:52:52     United States Trustee,
              Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
              Newark, NJ 07102-5235
517212476    E-mail/Text: paymentprocessing@avanteusa.com Sep 04 2020 23:51:42     Avante,
              3600 South Gessner,    Ste 225,    Houston, TX 77063
517212478   +E-mail/PDF: MerrickBKNotifications@Resurgent.com Sep 04 2020 23:57:29     Cardworks/CW Nexus,
              Attn: Bankruptcy,    Po Box 9201,    Old Bethpage, NY 11804-9001
517212480    E-mail/Text: BNC-ALLIANCE@QUANTUM3GROUP.COM Sep 04 2020 23:52:38     Comenity Bank/Bon Ton,
              Attn: Bankruptcy,    Po Box 18215,    Columbus, OH 43218
517328436    E-mail/PDF: MerrickBKNotifications@Resurgent.com Sep 04 2020 23:56:56     MERRICK BANK,
              Resurgent Capital Services,    PO Box 10368,    Greenville, SC 29603-0368
517212484   +E-mail/PDF: MerrickBKNotifications@Resurgent.com Sep 04 2020 23:56:32     Merrick Bank,
              P. O. Box 9201,    Old Bethpage, NY 11804-9001
517235737   +E-mail/Text: OMCbankruptcy@hackensackmeridian.org Sep 04 2020 23:53:26     Ocean Medical Center,
              425 Jack Martin Blvd.,    Brick, NJ 08724-7732
517322805    E-mail/Text: bnc-quantum@quantum3group.com Sep 04 2020 23:52:45
              Quantum3 Group LLC as agent for,    Comenity Bank,    PO Box 788,    Kirkland, WA 98083-0788
517212485   +E-mail/PDF: gecsedi@recoverycorp.com Sep 04 2020 23:56:55     Synchrony Bank/TJX,
              Attn: Bankruptcy,    Po Box 965060,    Orlando, FL 32896-5060
517290143   +E-mail/Text: bkteam@selenefinance.com Sep 04 2020 23:52:18
              Wilmington Savings Fund Society, FSB, d/b/a Christ,    C/O Selene Finance LP,
              9990 Richmond Ave Ste 400 South,    Houston, TX 77042-4546
                                                                                               TOTAL: 11

             ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
517212482*  ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
             (address filed with court: Lexus Financial Services,    Bankruptcy Notice,    PO Box 8026,
              Cedar Rapids, IA 52409)
517212486*  ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
             (address filed with court: Toyota Motor Credit Co,    Toyota Financial Services,    Po Box 8026,
              Cedar Rapids, IA 52408)
                                                                                 TOTALS: 0, * 2, ## 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).
```

```
District/off: 0312-3           User: admin              Page 2 of 2                Date Rcvd: Sep 04, 2020
                               Form ID: pdf901          Total Noticed: 31
```

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Sep 06, 2020                                      Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on September 3, 2020 at the address(es) listed below:
              Albert   Russo     on behalf of Trustee Albert  Russo docs@russotrustee.com
              Albert   Russo    docs@russotrustee.com
              Christopher Keith Baxter    on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a
               Christiana Trust, not individually but as trustee for Pretium Mortgage Acquisition Trus
               MLGBK@ecf.courtdrive.com
              Denise E. Carlon    on behalf of Creditor   Toyota Motor Credit Corporation
               dcarlon@kmllawgroup.com,    bkgroup@kmllawgroup.com
              Emmanuel J. Argentieri    on behalf of Creditor    US Bank, NA as Legal Title Trustee for Truman
               2016 SC6 Title Trust bk@rgalegal.com
              Harold N. Kaplan    on behalf of Creditor    Wilmington Savings Fund Society, FSB, d/b/a Christiana
               Trust, not individually but as trustee for Pretium Mortgage Acquisition Trust hkaplan@rasnj.com,
               informationathnk@aol.com
              Laura M. Egerman    on behalf of Creditor    Wilmington Savings Fund Society, FSB
               bkyecf@rasflaw.com,    bkyecf@rasflaw.com;legerman@rasnj.com
              Rebecca Ann Solarz    on behalf of Creditor   Toyota Motor Credit Corporation
               rsolarz@kmllawgroup.com
              Robert   Davidow    on behalf of Creditor    SELENE FINANCE LP AS SERVICER FOR WILMINGTON SAVINGS
               FUND SOCIETY, FSB, D/B/A CHRISTIANA TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE
               ACQUISITION TRUST nj.bkecf@fedphe.com
              Robert   Davidow    on behalf of Creditor    WILMINGTON SAVINGS FUND SOCIETY, FSB, D/B/A CHRISTIANA
               TRUST, NOT INDIVIDUALLY BUT AS TRUSTEE FOR PRETIUM MORTGAGE ACQUISITION TRUST nj.bkecf@fedphe.com
              Sindi   Mncina     on behalf of Creditor    Wilmington Savings Fund Society, FSB smncina@rascrane.com
              U.S. Trustee     USTPRegion03.NE.ECF@usdoj.gov
              William H. Oliver, Jr.    on behalf of Debtor Christina Van An courtdocs@oliverandlegg.com,
               R59915@notify.bestcase.com
                                                                                                TOTAL: 13
```